Paul A. Rachmuth  
Attorney at Law  
265 Sunrise Highway, Ste. 62  
Rockville Centre, New York  11570  
Telephone: (516) 330-0170  
Facsimile:  (516) 544-0516  
paul@paresq.com  

Counsel for the Debtor

Hearing Date: TBA  
Objection Deadline: TBA

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 13 |
|---|---|
| EDWARD J. BRONSON, | Case No. 16-23498-rdd |
| Debtor. | |

**APPLICATION FOR AN ORDER (A) ENFORCING THE AUTOMATIC STAY OF 11 U.S.C. §362(a), AND (B) SCHEDULING A HEARING TO ESTABLISH AN AWARD OF DAMAGES FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(k)(1)**

To:   The Honorable Robert D. Drain  
      United States Bankruptcy Judge

The debtor herein, Edward J. Bronson, by his undersigned counsel, hereby moves this court by Order to Show Cause, for an Order enforcing the automatic stay (the "Automatic Stay") of Section 362(a) of 11. U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), enjoining Mark Grober and Evan Solomon ("Grober and Solomon") from commencing or continuing litigation against the Debtor or his assets in any other court and award the Debtor damages for Grober and Solomon's willful violations of the Automatic Stay pursuant to Bankruptcy Code Section 362(k)(1) and respectfully states as follows:

I.      BACKGROUND

1.      On April 12, 2012, Grober and Solomon commenced an action (the "State Court Action") against the Debtor in the Supreme Court of the State of New York (the "State Court"). The only defendant in the State Court Action is the Debtor.  On August 15, 2016, Grober and Solomon obtained a judgment against the Debtor in the State Court Action.  A copy of the judgment in the State Court Action is annexed hereto as **Exhibit "A"**.

2.      On October 19, 2016, Grober and Solomon served a restraining notice (the "Restraining Notice") on Alpine Securities Corporation ("Alpine"), seeking to restrain assets belonging to, among others, any of the (a) the Debtor, (b) the Debtor's wife, Dawn Bronson ("Ms. Bronson") or (c) V2IP, Inc. ("V2IP"), an entity wholly owned by Ms. Bronson. Upon information and belief, immediately thereafter, Alpine froze the account of V2IP.

3.      On October 25, 2016, Alpine (through its parent, SCA Clearing LLC) informed V2IP and Grober and Solomon that V2IP's account would remain frozen until October 27, 2016.

4.      On October 27, 2016, Grober and Solomon moved the State Court in the State Court Action by order to show cause, seeking an order restraining the assets of V2IP.  A copy of Grober and Solomon's Affirmation in support of the order restraining V2IP's assets is annexed hereto as **Exhibit "B"**.

5.      On October 28, 2016, Alpine provided a letter to the State Court stating, among other things: (a) the trading account for V2IP was opened by Ms. Bronson, in February, 2016, (b) based on the corporate information in their files, they believe Ms. Bronson is the sole owner of V2IP, and (c) other than Ms. Bronson and her employee, Adam C. Didia, no one else has trading authority in V2IP's account.  A copy of Alpine's letter to the State Court is annexed hereto as **Exhibit "C"**.

6. Notwithstanding Alpine's letter, based on Grober and Solomon's representations that V2IP was owned and controlled by the Debtor, On October 28, 2016, the State Court issued an order temporarily restraining the assets of V2IP, and setting a hearing on the application for November 14, 2016 (the "State Court OSC"). A copy of the State Court OSC is annexed hereto as **Exhibit "D"**.

7. On October 31, 2016, the Debtor commenced this bankruptcy case by filing a voluntary petition under chapter 7 of the Bankruptcy Code. Grober and Solomon were given notice of the bankruptcy filing. A copy of the bankruptcy filing notice provided Grober and Solomon's counsel is annexed hereto as **Exhibit "E"**.

8. The Debtor currently has no income; he and Ms. Bronson rely on the income she generates through V2IP as their sole means of support for their family, which includes three young children.

9. On November 4, 2016, Grober and Solomon, through their counsel, informed Alpine that the Debtor's bankruptcy filing has no effect on the State Court OSC and that the V2IP account must remain frozen until the hearing in the State Court Action.

## II. RELIEF SOUGHT AND THE BASIS THEREOF

10. By this Application, the Debtor seeks to enforce the Automatic Stay, obtain an Order enjoining Grober and Solomon from continuing to enforce the State Court OSC and a separate hearing to set an award of damages for Grober and Solomon's willful violation of the Automatic Stay.

### A. THE AUTOMATIC STAY PREVENTS ALL ACTIONS AGAINST THE DEBTOR'S PROPERTY INCLUDING THE STATE COURT'S OSC

11. Grober and Solomon have proceeded on the incorrect assertions that V2IP and its assets are owned by the Debtor. If their assertions are true (which the Debtor and Ms. Bronson

deny), then such assets are part of the Debtor's bankruptcy estate. As stated in Bankruptcy Code Section 541 "The commencement of a case … creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held…" 11 U.S.C. §541(a). Congress intended this definition of estate property to be read very broadly and to include non-possessory interests of the debtor. *United States v. Whiting Pools*, 462 U.S. 198, 206, 103 S. Ct. 2309, 2313 (1983).

12. Estate assets may not be restrained by prepetition creditors seeking to enforce a judgment. Rather, they are to be administered in the bankruptcy case and subject to all appropriate exemptions.[1] Bankruptcy Code Section 362(a) "restrains a broad range of conduct, including the continuation of litigation, the enforcement of prepetition judgments, the creation or enforcement of liens against property of the estate and, most broadly, "any act to collect, assess, or recover a claim against the debtor" which arose prepetition. *Allentown Ambassadors, Inc. v. Northeast Am. Baseball, LLC (In re Allentown Ambassadors, Inc.)*, 361 B.R. 422, 435(Bankr. E.D. Pa. 2007) (citing *Delpit v. Commissioner*, 18 F.3d 768, 772 (9th Cir. 1994). Accordingly, Grober and Solomon's continuous efforts to enforce the State Court OSC directly violates the Automatic Stay.

B. GROBER AND SOLOMON'S WILLFUL VIOLATION OF THE AUTOMATIC STAY HAVE INJURED THE DEBTOR.

13. As shown above, Grober and Solomon's actions to enforce the State Court OSC are clear violations of the Automatic Stay. Further, Grober and Solomon knew of the Debtor's bankruptcy filing. However, notwithstanding the bankruptcy filing, Grober and Solomon continue to seek to enforce the OSC and restrain assets they assert are owned by the Debtor. Grober and

---

[1] Grober and Solomon are proceeding solely on the assertion that V2IP and its assets are property of the Debtor. If they are not property of the debtor, then the State Court would have no jurisdiction over them as Grober and Solomon have never commenced an action against either Ms. Bronson or V2IP.

Solomon's actions are, therefore, willful violations of the Automatic Stay. As this court held in *In re Hooker Inv.* "any deliberate act taken in violation of a stay, which the violator knows to be in existence, justifies an award of actual damages." 116 B.R. 375, 382 (Bankr. S.D.N.Y. 1990) (citing *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1104 (2d Cir. N.Y. 1990). See also, *In Re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989) (holding "A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.").

14. Here, Grober and Solomon have frozen all of the Bronson's family income, as Ms. Bronson, with the income she earns through V2IP, is the sole support of herself, the Debtor, and their family. Mr. Bronson cannot pay any expenses, including the bankruptcy petition filing fee.

15. The Debtor and Ms. Bronson, therefore, request a separate hearing to set appropriate compensatory and punitive damages for Grober and Solomon's willful violation of the automatic stay.

### III.     CONCLUSION

Based on the foregoing, Edward J. Bronson, the debtor herein, respectfully requests this Court enter an Order enforcing the Automatic Stay, declaring the State Court OSC void as it pertains to any asset of the Debtor, scheduling a hearing to determine appropriate compensatory and punitive damages for Grober and Solomon's willful violations of the Automatic Stay, and such other and further relief as it deems just and proper.

[SIGNATURE PAGE FOLLOW]

Dated: November 7, 2016
      Rockville Centre, New York

                                        <u>/s/ Paul A. Rachmuth</u>
                                        PAUL A. RACHMUTH (PR1566)
                                        Attorney at Law
                                        265 Sunrise Highway, Ste. 62
                                        Rockville Centre, New York 11570
                                        Telephone: (516) 330-0170
                                        Facsimile: (516) 543-0516
                                        Paul@PAresq.com

                                        Attorney for the Debtor