UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

                                        Chapter 7

**EDWARD JONATHAN BRONSON,**

                                        Case No. 16-23498 (RDD)

                Debtor.
------------------------------------------------------------------X

### ORDER AUTHORIZING THE RETENTION OF TULIS WILKES HUFF & GEIGER LLP AS ATTORNEYS FOR THE TRUSTEE PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

       Upon the application, dated November 10, 2016 (the "Application"), of Mark S. Tulis, Esq., chapter 7 trustee (the "Trustee") for the estate of Edward Jonathan Bronson (the "Debtor"), seeking entry of an order pursuant to 11 U.S.C. § 327(a), authorizing the retention and employment of Tulis Wilkes Huff & Geiger LLP ("TWH&G"), as attorneys to represent the Trustee in this case; and upon the the accompanying Statement Under Rule 2016 *et seq*., dated November 10, 2016 and Affirmation in support of the Application, dated November 10, 2016; and the Court having jurisdiction to consider the Application and the relief request therein; and it appearing that (a) TWH&G are attorneys duly admitted to practice in this Court, (b) are disinterested within the meaning of 11 U.S.C. §101(14), (c) do not represent or hold any interest adverse to the Debtor or to the estate with regard to the matters on which they are to be employed, and (d) the retention and employment of TWH&G is in the best interests of the estate; and after due deliberation and sufficient cause appearing therefor; and no additional notice or hearing being required, it is hereby

       **ORDERED** that:

       1.      The Application is granted;

       2.      Pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Trustee is authorized to retain and employ TWH&G as his attorneys in this bankruptcy case, *nunc pro tunc*, as of November 10, 2016;

       3.      The compensation to be paid to TWH&G for services to be rendered to the Trustee, and reimbursement of expenses incurred in connection therewith shall be paid after Court approval under the 11 U.S.C. §§ 330 and 331, as the case may be and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines and orders of the Court;

4. The services rendered by TWH&G shall not be duplicative of the work of the Trustee or any other professional;

5. To the extent that any other document is inconsistent with the Order, the terms of this Order shall govern;

6. The Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order;

7. Ten business days before implementing any increases in TWH&G's rates for any individual providing services in this case, TWH&G shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to section 330(a)(3)(F) of the Bankruptcy Code. Parties in interest, including the United States Trustee, retain all rights to object to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard under section 330 of the Bankruptcy Code. Supplemental affidavits are not required for rate increases effective on or after the date the Trustee submits the Trustee's Final Report to the United States Trustee.

Dated: White Plains, New York
November 17, 2016

    /s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

No objection:
Office of the U.S. Trustee

By: /s/ Richard C. Morrissey
    Richard C. Morrissey
    November 15, 2016