UNITEDSTATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                    Chapter 7

                                          Case No. 16-23498-rdd
EDWARD J. BRONSON,

        Debtor.

**ORDER ON DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC
STAY UNDER 11 U.S.C. § 362(a) AND FOR SANCTIONS**

Upon the motion (the "Motion") of Edward J. Bronson, the debtor herein (the "Debtor"), for an order enforcing the automatic stay in effect in this case under 11 U.S.C. § 362(a) and for sanctions under 11 U.S.C. § 362(k) for the alleged breach of the automatic stay by Mark Grober, Evan Solomon and their counsel (the "G and S Parties") with respect to the enforcement of a prepetition temporary restraining order issued by Hon. Anil Singh, dated October 28, 2016, a copy of which is attached as Exhibit D to the Motion (the "TRO"), which pertains to various trading accounts held in the name of the Debtor and in the names of various third parties; and there being due and sufficient notice of the Motion under the circumstances; and upon the objection of the G and S Parties to the Motion and all other pleadings filed in connection therewith; and upon the record of the hearing held by the Court on the Motion on November 18, 2016, at which counsel for the Debtor, counsel for the G and S Parties, the chapter 7 trustee herein (the "Trustee") and counsel for the SEC appeared; and the Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b), consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b) that the Court can decide by final order, and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due deliberation and for the reasons stated by the Court at the hearing, the Court

having found and concluded that (1) the automatic stay under 11 U.S.C. § 362(a) applies (a) to all property of the Debtor's estate and all prepetition property of the Debtor covered by the TRO (including property of the Debtor's estate and prepetition property of the Debtor that has not yet been determined to be such property), but not to property of third parties that is covered by the TRO, including property of such third parties that may be recoverable under chapter 5 of the Bankruptcy Code, and (b), to all causes of action under chapter 5 of the Bankruptcy Code to recover property of third parties that is covered by the TRO, and (2) any violation of the automatic stay by the G and S Parties has not given rise to actual damages and has not been sufficiently egregious to warrant the imposition of punitive damages; now, therefore, good and sufficient cause appearing, it is hereby

ORDERED, that the Motion is granted in part and denied in part as provided herein; and it is further

ORDERED, that the automatic stay under 11 U.S.C. § 362(a) applies (1) to all property of the Debtor's estate and all prepetition property of the Debtor covered by the TRO (including property of the Debtor's estate and prepetition property of the Debtor that has not yet been determined to be such property), but not to property of third parties that is covered by the TRO, including to such property that may be recoverable under chapter 5 of the Bankruptcy Code, and (2) to all causes of action and remedies to avoid and recover transfers by the Debtor to third parties of property covered by the TRO, which, subject to further order of this Court, the Trustee has the exclusive standing to pursue under chapter 5 of the Bankruptcy Code. Without limiting the foregoing, any action by a third party to exercise control over such a cause of action without the Trustee's consent is a violation of the automatic stay under 11 U.S.C. § 362(a); and it is further

ORDERED, that the Motion's request for the imposition of sanctions against the G and S parties is denied.

Dated: November 22, 2016
      White Plains, New York

                                      /s/Robert D. Drain
                                      Hon. Robert D. Drain
                                      United States Bankruptcy Judge