| | |
|---|---|
| **THOMPSON HINE LLP**<br>Maranda E. Fritz, Esq.<br>Barry M. Kazan, Esq.<br>335 Madison Avenue<br>New York, New York 10017<br>Telephone: (212) 344-5680<br>Facsimile: (212) 344-6101 | Hearing Date: 11/17/17 at 10:00 a.m.<br>Objection Deadline: 11/10/17 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| EDWARD J. BRONSON, | Case No.: 16-23498-RDD |
| Debtor, | |

-------------------------------------------------------------X

## MOTION OF MARK GROBER AND EVAN SOLOMON TO EXTEND THE TIME TO OBJECT TO THE DEBTOR'S DISCHARGE AND THE DISCHARGEABILITY OF DEBTS

Mark Grober and Evan Solomon (collectively, "**Grober & Solomon**"), by and through their undersigned counsel, hereby respectfully request (the "**Motion**") that the Court enter an order extending the time for Grober & Solomon to object to the debtor's discharge under 11 U.S.C. § 727 and the dischargeability of debts pursuant to 11 U.S.C. § 523(c) through and including January 30, 2018. In support of this Motion, Grober & Solomon respectfully state the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Sections 523 and 727 of title 11 (the "**Bankruptcy Code**") of the United States Code and Rules 4004(b) and 4007(c) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") provide the statutory bases for the relief sought herein.

## BACKGROUND

2. On October 31, 2016 (the "**Petition Date**"), the Debtor filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code.

3. Prior to the Petition Date and during the bankruptcy case, the Debtor has acted with the intent to hinder and delay the claims of his creditors, the Interim Trustee (the "**Trustee**"), the United States Trustee ("**UST**") and other parties in interest. As part of this evasive, bad faith conduct, the Debtor has repeatedly failed to respond to discovery requests of Grober & Solomon, the Trustee and the SEC dating back to late 2016.

4. Due to the failure to obtain critical discovery from the Debtor, the Section 341 meeting of creditors has been adjourned **no less than 10 times** with the next meeting scheduled for November 2, 2017.

5. The bad faith conduct of the Debtor has not only warranted the involvement of the FBI, but has also necessitated the hiring of a special investigator by the Trustee which was approved by this Court.

6. Knowing that clear cause exists to extend the deadline to object to the Debtor's chapter 7 discharge and the dischargeability of certain debts, the Debtor has consensually extended these deadlines four times for the Trustee, the UST and the AJW Funds, with the latest extension running through January 30, 2018 (*see*, *e.g.*, Doc. Nos. 61 and 62).

7. However, after making a blanket statement (as described below) that such deadlines would be extended for all creditors, and abiding by that statement for all other requesting parties, the Debtor has refused to extend the deadline for Grober & Solomon.

8. On March 3, 2017, counsel for the Trustee emailed counsel for the Debtor

describing, *inter alia*, the Debtor's discovery deficiencies and stated: "We will be submitting to you extensions of the time for the US Trustee, myself, **and the creditors who have received earlier extensions of time**,[1] of our time to object to discharge or otherwise make certain motions." (emphasis added). A correct and true copy of said emails are attached hereto as Exhibit A.

9. Counsel for the Debtor responded to said email stating: "We will certainly consent to the adjournment and extension of the discharge/dischargeability deadlines." *See* Exhibit A.

10. Relying on this consent, Grober & Solomon did not have a second extension entered by the Court extending the deadlines through July 28, 2017. However, on July 28, 2017, counsel for Grober & Solomon did seek to formalize the consent and requested and extension through October 30, 2017. Counsel for the Debtor, after prompting, advised that he believed the deadline had passed. A correct and true copy of said emails are attached hereto as Exhibit B.

## RELIEF REQUESTED

11. Through this Motion, Grober & Solomon respectfully request that the Court extend the time period to object to the Debtor's Section 727 discharge and the dischargeability of the Debtor's debts owed pursuant to 11 U.S.C. § 523(c) through and including January 30, 2018.

12. The time period for filing complaints to object to a debtor's discharge is governed by Rule 4004 of the Bankruptcy Rules, which provides in relevant part:

> In a chapter 7 case, a complaint, or motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed not later than 60 days after the first date set for the meeting of creditors under § 341(a).
> *See* FRBP 4004(a)

---

[1] Prior to and consistent with the Debtor's blanket consent to extend the deadlines to object to the discharge/dischargeability, the Debtor stipulated with Grober & Solomon on January 31, 2017 to extend the deadline through and including April 28, 2017 (Doc. 40).

> On motion of any party in interest, after hearing on notice, the court may for cause extend the time to object to the discharge. Except as provided in subdivision (b)(2),[2] the motion shall be made before the time has expired.
> *See* FRBP 4004(b)

13. The time period for filing complaints to determine dischargeability of debts is governed by Rule 4007(c) of the Bankruptcy Rules, which provides:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) shall be filed not later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

14. Bankruptcy Rule 9006(b)(3) states that: "The court may enlarge the time for taking action under Rule[] . . . 4004(a), 4007(c) . . . only to the extent and under the conditions stated in [that] rule[]."

15. Although there is a split in the case law, the Court of Appeals for the Second Circuit has specifically rejected the notion that the time period imposed by Rule 4007(c) is jurisdictional and permits an extension of time for a creditor to file a complaint to determine dischargeability after the Rule 4007(c) time period has expired, "if equity so requires." See *In re Benedict*, 90 F.3d 50, 54 (2d Cir. 1996) (finding "Rule 4007(c) is not jurisdictional and is subject to waiver, estoppel and equitable tolling…"). The United States Supreme Court has similarly held that the time limits set by the Bankruptcy Rules are not jurisdictional. See *Kontick v. Ryan*, 540 U.S. 443, 458-60 (2004) (holding that Bankruptcy Rule 4004(a), a provision containing essentially the time prescriptions as 4007(c), was a nonjurisdictional);[3] *Farouki v. Emirates Bank Int'l*, 14 F.3d 244, 248 (4th Cir. 1994) (same conclusion regarding Bankruptcy Rule 4004);

---

[2] Grober & Solomon specifically reserves their right to proceed under Bankruptcy Rule 4004(b)(2) in the event that facts are discovered which would warrant the revocation of the discharge.

[3] The Supreme Court declined to rule on whether the Bankruptcy Rules were subject to equitable considerations. *Kontick*, 540 U.S. at 458.

4

*Mirmingos v. Benjamin*, 288 B.R. 521, 522 (N.D. Il. 2003) (finding the timeliness provisions in Bankruptcy Rules 4004 and 4007 are not jurisdictional and therefore may be equitably tolled).

16. Certain key equitable factors that the *Benedict* court considered for extending the deadlines after time had expired were bad faith in failure to respond to discovery, knowing waiver and lack of prejudice to the debtor. *In re Benedict*, 90 F.3d at 54.

17. Here, such equitable factors are met. First, discovery related to the Debtor's complex financial transactions and transfers has been pending from Grober & Solomon and other parties for over 10 months. The 341 meeting has been adjourned **ten times** to allow for discovery to proceed. Failing to respond to discovery for such a grossly enlarged period of time can be nothing else but bad faith. Complete discovery responses are clearly necessary to enable the formulation of the facts for a proper dischargeability complaint. Therefore, this bad faith failure to respond to discovery, which is not mere recalcitrance or noncooperation, is a justification for this Court equitably tolling the Bankruptcy Rule time limitations and extending the discharge objection deadlines.

18. Second, the Debtor should be estopped from denying consent to Grober & Solomon due to his previous blanket consent. Such consent may also serve as a knowing waiver of the deadlines. There was no time limitation provided in such consent and consistent therewith the deadlines were in fact extended through January 2018 for the Trustee, the UST and the AJW Funds.

19. Third and relatedly, with the extension of the chapter 7 discharge deadlines for the Trustee, the UST and the AJW Funds, there is no prejudice to the Debtor in similarly extending the deadlines for Grober & Solomon.

20. Moreover, in the event that facts are eventually discovered for revocation of the

discharge, Grober & Solomon would still be able to proceed under Bankruptcy Rule 4004(b)(2), thus demonstrating further reason why the Debtor would not be prejudiced by the extension. In short, either discovery reveals there is no fraud (highly unlikely) so there is no basis to object to the discharge *or* fraud is discovered, and the Debtor would not receive a discharge of *any* debts through objection to or revocation of the discharge.

## **CONCLUSION**

21. Except for the consent set forth in the attached emails, the facts reflecting the Debtor's bad faith conduct evading discovery and his agreement to extend the discharge deadlines for other parties are reflected on the docket of this case. Accordingly, based on the foregoing, an equitable tolling of the Bankruptcy Rule time limitations and extension of such deadlines consistent with the extension provided to the Trustee, UST and AJW Funds is warranted, just and equitable.

**WHEREFORE**, Grober & Solomon respectfully request that the Court extend the time period to object to the Debtor's Section 727 discharge and the dischargeability of the Debtor's debts owed pursuant to 11 U.S.C. § 523(c) through and including January 30, 2018, and grant such other and further relief as is just and appropriate.

Dated: October 30, 2017
      New York, New York

                                       **THOMPSON HINE LLP**

                                       /s/ *Maranda E. Fritz*
                                       Barry M. Kazan, Esq. (NY Bar No. 2651727)
                                       Maranda E. Fritz (NY Bar No. 2081420)
                                       335 Madison Avenue
                                       New York, New York  10017
                                       Phone:  (212) 344-5680
                                       Fax:  (212) 344-6101
                                       Maranda.Fritz@thompsonhine.com
                                       Barry.Kazan@thompsonhine.com

                                       *Counsel to Grober & Solomon*