Paul A. Rachmuth  
Attorney at Law  
265 Sunrise Highway, Ste. 62  
Rockville Centre, New York  11570  
Telephone: (516) 330-0170  
Facsimile:  (516) 544-0516  
paul@paresq.com  

Counsel for the Debtor

Hearing Date: November 17, 2017  
10:00 am

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 7 |
|---|---|
| EDWARD J. BRONSON, | Case No. 16-23498-rdd |
| Debtor. | |

**AFFIRMATION IN OPPOSITION TO MOTION OF MARK GROBER
AND EVAN SOLOMON TO EXTEND THE TIME TO OBJECT TO THE
DEBTOR'S DISCHARGE AND THE DISCHARGEABILITY OF DEBTS**

PAUL A. RACHMUTH, an attorney admitted to practice before this Court, affirms the truth of the following, fully cognizant of the penalties of perjury:

1. I am counsel to Edward J. Bronson, the debtor in this case (the "Debtor"), and am familiar with the facts and circumstances stated herein.  The information contained herein is true to the best of my knowledge after due inquiry.

2. I make this affirmation in opposition to the Motion (the "Motion") of Mark Grober and Evan Solomon (the "Movants") pursuant to Rules 4004(b) and 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to extend their time to object to the Debtor's

discharge, pursuant Section 727 of 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code"), and the dischargeability of their debts, pursuant to Bankruptcy Code Section 523(c).

### JURISDICTION AND VENUE

3. The Debtor agrees with the Movants that this Court has jurisdiction over the issues raised in the Motion pursuant to 28 U.S.C. §§157 and 1337 and venue is proper in this Court pursuant to 28 U.S.C. 1408 and 1409.

### RELEVANT FACTS[1]

4. The Debtor filed for relief under chapter 7 of the Bankruptcy Code on October 31, 2016. Thereafter, the Office of the United States Trustee appointed Mark Tulis as the Chapter 7 Trustee.

5. Mr. Tulis conducted the Section 341 Meeting of Creditors on December 1, 2016, which was attended by the Movant's counsel.

6. At the 341 Meeting, Mr. Tulis requested certain documents from the Debtor and invited other creditors' counsels to submit document requests.

7. Mr. Tulis then scheduled an exam (the "2004 Exam") of the Debtor, pursuant to Bankruptcy Rule 2004, adjourned the 341 Meeting and set the adjourned date as a holding date; leaving the meeting "open" so he could conduct the 2004 Exam and receive and review the requested documents.

---

[1] The Debtor denies the unfounded and unsupported accusations of the movants with respect to any basis they claim to have to seek denial of his discharge or the dischargeability of their debts.

8.  The Movants, along with other creditors, submitted document requests to the Debtor. These document requests were responded to in several productions. To date, no party has moved to compel the Debtor to provide additional information and no party has moved to sanction the Debtor for non-compliance with the document requests.

9.  On January 5, 2017, Mr. Tulis requested and received from the Debtor a stipulation (the "First Trustee Stipulation") extending the Trustee's time to object to the Debtor's discharge and the dischargeability of debts (together, the "Objection Deadlines") until April 28, 2017. The First Trustee stipulation was 'so ordered' and entered on January 6, 2017 (Docket No. 35).

10. On January 19, 2017, creditor AJW Fund requested and received from the Debtor a stipulation (the "First AJW Stipulation") extending its Objection Deadlines until April 28, 2017. The First AJW Stipulation was 'so ordered' and entered on January 20, 2017 (Docket No. 38).

11. On January 30, 2017, the Movants' counsel requested and received from the Debtor a stipulation (the "Movants' Stipulation") extending the Movants' Objection Deadlines until April 28, 2017. The Movants' Stipulation was 'so ordered' and entered on January 31, 2017 (Docket No. 40).

12. On March 7, 2017, Mr. Tulis requested and received from the Debtor a second stipulation (the "Second Trustee Stipulation") extending the Trustee's Objection Deadlines from April 28, 2017 until July 28, 2017. Second Trustee's Stipulation was 'so ordered' and entered on March 16, 2017 (Docket No. 43).[2]

---

[2] In the correspondences preceding the entry of the Second Trustee Extension, the Trustee stated Objection Deadline stipulations would be submitted for the various creditors and asked whether

- 3 -

13. On March 31, 2017, creditor AJW Fund requested from the Debtor and received a second stipulation (the "Second AJW Stipulation") extending its Objection Deadlines from April 28, 2017 until July 28, 2017. The Second AJW Stipulation was 'so ordered' and entered on March 31, 2017 (Docket No. 44)[3].

14. Neither the Trustee's Stipulations nor AJW's Stipulations refer to any other creditor, let alone extends other creditors' Objection Deadlines.

15. Pursuant to the terms of the Movants' Stipulation, their Objection Deadlines expired on April 28, 2017. They did not request an extension of the Movants' Stipulation during the time it was in effect.

16. On July 28, 2017, three months after the Movants' Stipulation expred, Movants' counsel requested stipulation from the Debtor that would again extend Movants' Objection Deadlines.

17. On August 2, 2017, I informed Movants' counsel that their Objection Deadlines had expired three months prior. Accordingly, no consent was given. The Movants' counsel renewed their request on October 26, 2017. The request was again rejected.

---

the Debtor would consent to these extensions. This request was answered in the affirmative. The Trustee and AJW Fund submitted such stipulations. The Movants did not.

[3] The Chapter 7 Trustee and AJW Fund have subsequently requested and received further extensions of their Objection Deadlines.

ARGUMENT

18.     The Motion correctly states that Bankruptcy Rules 4004 and 4007 require all motions under Bankruptcy Code Sections 727(a)(8) and (a)(9) objecting to a debtor's discharge and all complaints under complaint to determine the dischargeability of any debt pursuant to § 523(c) must be made within 60 days of the first date set for the 341 meeting.  See Fed. R. Bank. Pro. 4004(b) and 4007(c).

19.     The Motion also correctly states that any motion to extend the time to object to a debtor's discharge or the dischargeability of a particular debt must be made before the time to make such objection expires.  *Id.*

20.     Here, it is clear that the Movants' Objection Deadlines expired on April 28, 2017. It is also clear that the Movants never requested the debtor to extend these deadlines before they expired and never moved to extend these deadlines before they expired.

21.     The Movants improperly argue that equitable factors should be considered and such factors, when analyzed should allow for the relief they seek.  These contentions are incorrect.

22.     The Movants point to no controlling law that would permit reinstatement of an expired time to object to a debtor's discharge under Bankruptcy Code Section 727.  And, even if the Court were to consider an equitable test as to whether to allow reinstatement of the expired Objection Deadlines, the Movants do not show that any such factors exist.

23.     The Movants make three equitable arguments; all of which must fail. First, the Movants argue that the continued adjournment of the 341 meeting indicates bad faith on the part of the Debtor.  This is simply untrue.  The Debtor has responded to the Movants' discovery

demands, as well as the discovery demands of the Chapter 7 Trustee and other creditors. To date, there have been no motions to compel additional discovery responses and no motions to sanction the Debtor for non-compliance with the document requests. The adjournments of the 341 Meeting were to set holding dates so the Trustee can conduct his due diligence; they show no bad faith on the part of the Debtor.

24.     Second, the Movants' mis-read the email between myself and the Chapter 7 Trustee to, somehow, grant them a basis for not moving to extend their deadlines. The email in question was a question from the Chapter 7 Trustee asking whether the Debtor would extend their deadlines. Once it was responded to in the affirmative, the Chapter 7 Trustee and another creditor, AJW Fund, drafted and presented extension stipulations. These stipulations were then filed on the case's docket.

25.     The Movants' counsel could not have been confused by the email between myself and the Chapter 7 Trustee. First, Movants' counsel had originally requested an extension of their deadlines in January 2017 and such request was granted. Had she thought a consenting email was sufficient to extend the Movants' deadlines, she would not have filed the Movants' Stipulation. Of course, she had filed the Movants' Stipulation, which extended the Movants' Objection Deadlines to April 28, 2017. And second, even if Movants' counsel was temporarily confused into thinking the email between the Chapter 7 Trustee and myself extended the Movants' Objection Deadlines, she would have understood that was not the case when the Second Trustee Stipulation and the Second AJW Stipulation were filed. As these stipulations clearly stated they only applied to the filers and not to other creditors.

26.     Finally, the Movants incorrectly argue that there can be no prejudice to the Debtor in granting their motion. The Movants, the Debtor, the Debtor's wife and other third parties have been locked in vexatious litigations for a very long time. It is the Debtor's belief that the Movants actions in the bankruptcy court, including bringing the Motion, are intended for their benefit of the non-bankruptcy litigations. Accordingly, granting the Motion would allow the Movants an opportunity to continue the litigations in this Court for some strategic benefit of another litigation.

27.     Conversely, no real prejudice would befall the Movants if their motion was denied. The bankruptcy case is still open and the Chapter 7 Trustee still may object to the Debtor's discharge if he discovers facts which would warrant making such an objection[4].

## CONCLUSION

28.     This is a simple case of an error made by Movants' counsel; failing to request an extension of the Movants' Objection Deadlines. The failure is not the result of any bad faith on the part of the Debtor. Accordingly, their Objection Deadlines have expired and no grounds exist for them to be revived.

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests this Court issue an Order denying the Motion and granting such other and further relief as it deems just and proper.

[Signature Page Follows]

---

[4] The Movants have no argument to seek denial of the dischargeability of their debts under Bankruptcy Code Section 526(c). If such an argument existed, they could have made it by now.

Dated: November 10, 2017
       Rockville Centre, New York

                                        /s/ Paul A. Rachmuth
                                        PAUL A. RACHMUTH (PR1566)
                                        Attorney at Law
                                        265 Sunrise Highway, Ste. 62
                                        Rockville Centre, New York 11570
                                        Telephone: (516) 330-0170
                                        Facsimile: (516) 543-0516
                                        Paul@PAResq.com